Robert R. Pohls (California Bar #131021)
Kenneth Perscheid (California Bar #120962)
**POHLS & ASSOCIATES**
1550 Parkside Drive, Suite 260
Walnut Creek, California 94596
Telephone: (925) 973-0300
Facsimile: (925) 973-0330

Attorney for Plaintiff
**State Farm Life Insurance Company**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

STATE FARM LIFE INSURANCE COMPANY,

Plaintiff,

vs.

KRISTEN STUCKEN; EDWARD STUCKEN; and GAIL STUCKEN,

Defendants.

Case No. C11-01598-DMR

**STIPULATION AND ORDER RE ENTRY OF JUDGMENT IN INTERPLEADER AND DISMISSAL**

IT IS HEREBY STIPULATED, by and among plaintiff State Farm Life Insurance Company ("State Farm"), defendant Kristen Stucken, defendant Edward Stucken and defendant Gail Stucken, that:

1. State Farm properly filed its Complaint in Interpleader herein, and this is a proper cause for interpleader;

2. By reason of the death of Ryan E. Stucken (the "Decedent") on or about January 3, 2011, the sum of $175,752.00 (the "Insurance Proceeds") became payable under State Farm's life insurance policy number LF-0853-2764 (the "Policy");

3. Kristen Stucken, Edward Stucken and Gail Stucken each claim all or some portion of the Insurance Proceeds that are payable under the Policy, and no other person or entity has made a claim to the Insurance Proceeds;

4. Having deposited the sum of $177,734.77 (representing the Insurance Proceeds plus interest) with the Clerk of this Court on April 1, 2011, State Farm and its agents be released, discharged and acquitted of and from any liability of any kind or nature whatsoever under the Policy;

5. State Farm be awarded the sum of $8,782.28 for its reasonable attorneys' fees and costs incurred in connection with this action, and the Clerk of this Court be directed pay such amount, from and out of the funds deposited herein, by check made payable to "State Farm Life Insurance Company" and delivered via first class mail to State Farm's attorneys of record;

6. Edward Stucken and Gail Stucken be awarded the sum of $40,000.00, from and out of the funds deposited herein, by check made payable to "Edward and Gail Stucken" and delivered via first class mail to their attorneys of record;

7. Kristen Stucken be awarded the remaining Insurance Proceeds, including any additional interest which may have been earned on the Insurance Proceeds since April 1, 2011, from and out of the funds deposited herein, by check made payable to "Kristen Stucken" and delivered via first class mail to: Kristen Stucken, 539 Alpine Lane, Sonora, CA 95370.

8. Upon the execution of this stipulation, and upon the Court's payment of the sums described in paragraph 5, 6, and 7 above, the Court may enter a Stipulated Judgment in Interpleader and Dismissal in the form attached hereto and marked as Exhibit A.

///

///

///

///

///

///

///

9. This stipulation may be executed in any number of counterparts, each of which may be an original, but all of which shall constitute one and the same instrument.

**POHLS & ASSOCIATES**

DATED: August 3, 2011 By: [signature]

Robert R. Pohls
Attorneys for Plaintiff
**State Farm Life Insurance Company**

**LAW OFFICES OF DAVID M. LEDERMAN**

DATED: ______________, 2011 By: ______________________________

David M. Lederman
Attorneys for Defendants
**Edward Stucken** and **Gail Stucken**

DATED: ______________, 2011 By: ______________________________

**Kristen Stucken**
In Pro Per

**ORDER**

IT IS SO ORDERED.

DATED: ______________, 2011 ______________________________

UNITED STATES MAGISTRATE JUDGE

9. This stipulation may be executed in any number of counterparts, each of which may be an original, but all of which shall constitute one and the same instrument.

**POHLS & ASSOCIATES**

DATED: ____________, 2011 By: ____________________
Robert R. Pohls
Attorneys for Plaintiff
**State Farm Life Insurance Company**

**LAW OFFICES OF DAVID M. LEDERMAN**

DATED: August 3, 2011 By: David Lederman / THS
7-27-11 approved
David M. Lederman
Attorneys for Defendants
**Edward Stucken** and **Gail Stucken**
Edward Stucken Gail Stucken

DATED: ____________, 2011 By: ____________________
**Kristen Stucken**
In Pro Per

**ORDER**

IT IS SO ORDERED.

DATED: ____________, 2011 ____________________
UNITED STATES MAGISTRATE JUDGE

9. This stipulation may be executed in any number of counterparts, each of which may be an original, but all of which shall constitute one and the same instrument.

**POHLS & ASSOCIATES**

DATED: ______________, 2011

By: ______________________________
Robert R. Pohls
Attorneys for Plaintiff
**State Farm Life Insurance Company**

**LAW OFFICES OF DAVID M. LEDERMAN**

DATED: ______________, 2011

By: ______________________________
David M. Lederman
Attorneys for Defendants
**Edward Stucken** and **Gail Stucken**

DATED: 8/01/2011, 2011

By: Kristen Stucken
**Kristen Stucken**
In Pro Per

**ORDER**

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
GRANTED
Judge Donna M. Ryu

DATED: August 17, 2011

DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

Robert R. Pohls (California Bar #131021)
Kenneth Perscheid (California Bar #120962)
**POHLS & ASSOCIATES**
1550 Parkside Drive, Suite 260
Walnut Creek, California 94596
Telephone: (925) 973-0300
Facsimile: (925) 973-0330

Attorney for Plaintiff
**State Farm Life Insurance Company**

***EXHIBIT A TO THE STIPULATION AND ORDER RE ENTRY OF JUDGMENT IN INTERPLEADER AND DISMISSAL***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

STATE FARM LIFE INSURANCE COMPANY,

Plaintiff,

vs.

KRISTEN STUCKEN; EDWARD STUCKEN; and GAIL STUCKEN,

Defendants.

Case No. C11-01598-DMR

**STIPULATED JUDGMENT IN INTERPLEADER AND DISMISSAL**

Having reviewed the parties' Stipulation and Order re Entry of Judgment in Interpleader, and it appearing that plaintiff State Farm Life Insurance Company ("State Farm") has brought this action in interpleader, that this Court has jurisdiction of the parties and of the subject herein, and that good cause appears therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. State Farm properly filed its Complaint in Interpleader herein, and this is a proper cause for interpleader;

2. By reason of the death of Ryan E. Stucken (the "Decedent") on or about January 3, 2011, the sum of $175,752.00 (the "Insurance Proceeds") became payable under State Farm's life insurance policy number LF-0853-2764 (the "Policy");

///

3. Kristen Stucken, Edward Stucken and Gail Stucken each claim all or some portion of the Insurance Proceeds that are payable under the Policy, and no other person or entity has made a claim to the Insurance Proceeds;

4. Having deposited the sum of $177,734.77 (representing the Insurance Proceeds plus interest) with the Clerk of this Court on April 1, 2011, State Farm and its agents be and hereby are released, discharged and acquitted of and from any liability of any kind or nature whatsoever under the Policy;

5. State Farm be and hereby is awarded the sum of $8,782.28 for its reasonable attorneys' fees and costs incurred in connection with this action, and the Clerk of this Court be and hereby is directed to pay such amount, from and out of the funds deposited herein, by check made payable to "State Farm Life Insurance Company" and delivered via first class mail to State Farm's attorneys of record;

6. Edward Stucken and Gail Stucken be and hereby are awarded the sum of $40,000.00, and the Clerk of this Court be and hereby is directed to pay such amount, from and out of the funds deposited herein, by check made payable to "Edward and Gail Stucken" and delivered via first class mail to their attorneys of record;

7. Kristen Stucken be and hereby is awarded the remaining Insurance Proceeds, including any additional interest which may have been earned on the Insurance Proceeds since April 1, 2011, and the Clerk of this Court be and hereby is directed to pay such amount, from and out of the funds deposited herein, by check made payable to "Kristen Stucken" and delivered via first class mail to: Kristen Stucken, 539 Alpine Lane, Sonora, CA 95370.

///

///

///

///

8. Upon the entry of this Stipulated Judgment in Interpleader and Dismissal, and upon the Court's payment of the sum described in paragraph 5, 6 and 7 above, this matter will be concluded in its entirety, with each party bearing their own attorneys' fees and costs not specifically awarded in this Stipulated Judgment in Interpleader.

DATED: _______________, 2011

_____________________________________

UNITED STATES MAGISTRATE JUDGE